UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY BOLTON,

    Plaintiff,

-vs-                                      CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kimberly Bolton (hereinafter "Plaintiff"), sues Defendant, Experian Information Solutions, Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

1

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Orlando, Florida; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA.

6. Experian Information Solutions, Inc. ("Experian"), is a corporation with its principal place of business located at 457 Anton Blvd., Costa Mesa, VA 92626, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

7. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Experian is one of the "big three" credit reporting agencies in the United States today.

10. In September of 2021 Plaintiff was shopping for a new vehicle.

11. After selecting a vehicle she wished to purchase, she applied for financing.

12. At that time, Plaintiff was denied financing because her Experian credit file had "mixed" information on it, meaning that (to no fault of her own) the data on her credit report was somehow merged with that of another consumer.

13. For example, Plaintiff's Experian credit file contains multiple social security numbers and addresses that do not belong to Plaintiff.

14. Because Plaintiff's potential lenders could not verify her personal identifying information or who she was, she was unable to obtain financing, and therefore unable to obtain a new vehicle.

15. Plaintiff sent a dispute letter to Experian regarding the "mixed" information contained on her credit report.

16. Experian sent a perplexing response, indicating that it did not even investigate the social security number on Plaintiff's credit report that does not belong to her.

17. In October of 2021, Plaintiff tried to make a purchase using her (non-party) QVC account.

18. At that time, Plaintiff was denied credit because the information on her QVC account did not match the information on her Experian credit file.

19. To date, false information that does not belong to Plaintiff remains on her Experian credit file.

20. As a result of the conduct, action and/or inaction of Experian, Plaintiff has suffered from a diminished credit score.

21. As a result of the conduct, action and/or inaction of Experian, Plaintiff has suffered from multiple denials of credit.

22. As a result of the conduct, action and/or inaction of Experian, Plaintiff has suffered from humiliation, embarrassment, worry, fear, frustration, anger, sleeplessness, and loss of her personal time.

## CAUSES OF ACTION

### COUNT I

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 above as if fully set forth herein.

24. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

25. For example, why would anyone's credit file contain more than one social security number?

26. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of her personal time, multiple denials of credit, and the emotional distress described in this Complaint.

27. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

28. In the alternative it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

29. Plaintiff is entitled to recover her reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II

30. Plaintiff re-alleges and incorporates paragraphs 1 through 22 above as if fully set forth herein.

31. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to address the allegations contained within Plaintiff's dispute, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score, denials of credit, loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

33. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

34. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

35. Plaintiff is entitled to recover her reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
3210 West Cypress St.
Tampa, Florida 33607
Telephone: 813-951-8278
Facsimile: 844-951-3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*